IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN CLANCY,<br>    Plaintiff,<br>    v.<br>JERRY MANCUSO, et al.,<br>    Defendants. | Case No. 21-cv-00682-MMC<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DISMISSING ACTION; DIRECTIONS TO CLERK** |

Before the Court is defendant Gerald Bittner, Jr., D.D.S.'s ("Dr. Bittner") "Motions to (1) Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction and/or Failure to State a Claim, and/or (2) Strike Prayers for Punitive Damages and Attorney's Fees," filed May 19, 2021. Also before the Court is defendant Jerry Mancuso, D.D.S.'s ("Dr. Mancuso") "Motion to Dismiss," filed May 28, 2021. Plaintiff Norman Clancy ("Clancy"), who proceeds pro se, has filed a single opposition, to which Dr. Bittner has replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for determination on the parties' respective written submission, VACATES the hearing scheduled for July 30, 2021, and rules as follows.

On January 28, 2021, Clancy filed the above-titled action. In the operative complaint, the amended complaint filed February 10, 2021 ("AC"), Clancy asserts, as he did in his initial complaint, six state law claims predicated on allegations that Dr. Bittner, Dr. Mancuso, and a third defendant, Keith Cooper, D.D.S. ("Dr. Cooper"), engaged in

dental "malpractice." (See AC at 13; see also Compl. at 11.)[1] In the AC, Clancy asserts, as he did in the initial complaint, that the basis for federal jurisdiction is "diversity of citizenship," and, in support thereof, alleges that the amount in controversy is $500,000, and that he and Dr. Mancuso are citizens of different states. In particular, Clancy alleges he is a citizen of New York and Dr. Mancuso is a citizen of California. (See AC at 6; see also Compl. at 3.)[2]

Under § 1332(a), a district court has diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the matter is "between ... citizens of different States." See 28 U.S.C. § 1332(a). In support of their respective motions, Dr. Bittner and Dr. Mancuso (collectively, "Moving Defendants") offer evidence to establish that, on the date Clancy filed the instant action, he was domiciled in California, and, consequently, was a citizen of California. See Morongo Band of Mission Indians v. California State Board of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (holding "[s]ubject matter jurisdiction must exist as of the time the action is commenced"); see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding a "natural person's state citizenship" is "determined by [his] state of domicile"; further holding "[a] person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return").

A challenge to subject matter jurisdiction "can be either facial or factual." See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, such as the one made here by Moving Defendants, "the challenger disputes the truth of the allegations" and, "[o]nce the moving party has . . .

---

[1] In citing to Clancy's pleadings, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

[2] Clancy has not alleged, either in the initial complaint or the AC, the citizenship of Dr. Bittner and Dr. Cooper.

present[ed] affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy [his] burden of establishing subject matter jurisdiction." See id. (internal quotation and citation omitted).

Here, at the outset, the Court observes that the AC is insufficient on its face, as Clancy does not, as noted, allege the citizenship of either Dr. Bittner or Dr. Cooper. Consequently, even assuming he is a citizen of New York, Clancy fails to sufficiently allege complete diversity of citizenship.

Moreover, as discussed below, the Court finds Moving Defendants have offered evidence sufficient to show Clancy was not, on the date he filed the instant action, a citizen of New York, but, rather, was a citizen of California, and Clancy has offered no evidence to the contrary.

First, as Moving Defendants have shown, Clancy acknowledged, in a state court case filed in January 2018, that he relocated his family from New York to California in 2015 to begin work for an employer in California (see Defs.' Req. for Judicial Notice Ex. 1 ¶ 4),[3] that, although he had at some point owned real property in New York, the property was sold in 2019 (see id. Ex. 20),[4] and that, in numerous pleadings filed in state and federal court in 2018, 2019, and 2020, he provided as his address of record, as he has done in this case (see AC at 1, 3, 4; see also Compl. at 1), an address in California (see Defs.' Req. for Judicial Notice Exs. 1, 2, 4, 5, 8, 9, 10, 12, 14, 17).  In opposition to the instant motions, Clancy has offered no evidence to suggest, in spite of his having lived in California for over five years and no longer owning the above-referenced property, that

---

[3] Moving Defendants' unopposed requests that the Court take judicial notice of court filings is hereby GRANTED.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

[4] Moving Defendants' unopposed requests that the Court take judicial notice of the deed is hereby GRANTED.  See Varbel v. Mortgage Electronic Registration Systems Inc., 509 Fed. Appx. 658, 659 (9th Cir. 2013) (granting request for judicial notice of "Deed Upon Sale" to determine date on which sale occurred).

his permanent home, on January 28, 2021, was New York and he intended to relocate there.

Second, as Moving Defendants have shown, Clancy has filed in this district, with filing dates ranging from October 17, 2018, to December 7, 2020, five separate cases in which he based jurisdiction on diversity of citizenship and alleged he was a citizen of California, i.e., that California was his permanent home.  (See id. Exs. 4, 8, 9, 10, 17.) Indeed, in the most recent of those five diversity actions, which action was filed less than two months before Clancy filed the instant action and remains pending, Clancy has asserted state law claims against citizens of New York (see id. Ex.17 at 3-4), which claims Clancy can only pursue in federal court if he is not a citizen of New York.  In opposition to the instant motions, Clancy offers no evidence to support a finding that, notwithstanding his claimed status as a citizen of California on December 7, 2020, the date on which he filed the last of the above-referenced five cases, he somehow had become a New York citizen by January 28, 2021, the date on which he filed the instant action.

In sum, Clancy having failed to offer any evidence to establish that, on January 28, 2021, he was not a citizen of California and instead was a citizen of New York, the Court finds Clancy was, on that date, a citizen of California, and, accordingly, the instant action is subject to dismissal for lack of diversity.

## CONCLUSION

For the reasons stated above, the Moving Defendants' motions to dismiss are hereby GRANTED, and the instant action is, in its entirety, hereby DISMISSED for lack of subject matter jurisdiction and without prejudice to refiling in an appropriate state forum.

The Clerk of Court is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: July 28, 2021

MAXINE M. CHESNEY
United States District Judge